# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARDI J. REBALDO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4062** |
| **ALBERT JENKINS, ET AL.** | **SECTION: "A" (4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

### I.  Factual and Procedural Background

The plaintiff, Richardi J. Rebaldo, filed a complaint *pro se* and *in forma pauperis* pursuant to Title 42 U.S.C. § 1983 claiming that excessive force was used against him by officials at B.B. "Sixty" Rayburn Correctional Center. In connection with his suit, Rebaldo has named as Defendants Warden Jeffery Travis, Colonel Tommy Brumfield, Major Jerry Miller, Cadet Albert Jenkins, Sergeant Gary King, Dr. Lo, and Social Workers Sheryl Muwwakki and Liz Olivera.

The complaint was filed on July 1, 2008.[1]  However, Defendants Travis, Brumfield, Jenkins, and Muwwakki were not served within 120 days as required by Fed. R. Civ. P. 4(m).  Their summonses were returned as unexecuted with the notation that they were not employed at Rayburn Correctional Center.  (Rec. Doc. Nos. 7, 8, 9, and 10.)

Because Rebaldo failed to serve the above Defendants within the 120 days as required by the Federal Rules, this Court issued an Order directing Rebaldo to show cause why his claims against the above defendants should not be dismissed for failure to comply with the mandates of Fed. R. Civ. P. 4(m).  (*See* Rec. Doc. No. 22).  Rebaldo responded to the Order with a pleading (Rec. Doc. No. 23) wherein, with the exception of defendant Jenkins, he provided insufficient information for the purpose of effecting service upon defendants.

## II.  Recommendation

Accordingly,

It is hereby **RECOMMENDED** that Richardi J. Rebaldo's claims against Defendants Jeffrey Travis, Tommy Brumfield, and Sheryl Muwwakki be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[1] Rec. doc. 1.  In the *pro se* prisoner context, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *see also Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (*pro se* prisoner's objection to a report and recommendation deemed filed when given to prison officials for mailing).  In this case, the Clerk of Court filed Rebaldo's complaint on August 12, 2008, when the pauper application was granted.  Rebaldo signed his complaint on July 1, 2008.  This is the earliest date on which he could have delivered the complaint to prison officials for mailing.

2

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 18th day of March, 2009

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**