UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARDI J. REBALDO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4062** |
| **CADET ALBERT JENKINS,** **COLONEL TOMMY BRUMFIELD,** **MAJOR JERRY MILLER, SARGENT** **GARY KING, SOCIAL WORKER** **LIZ OLIVERA, DR. LO MENTAL** **HEALTH, SOCIAL WORKER** **SHERYL MUWWAKKI, WARDEN** **JEFFERY TRAVIS** | **SECTION "A"(4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Summary

Rebaldo filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983, and under state law, against the Defendants, Cadet Albert Jenkins ("Jenkins"), Colonel Tommy Brumfield ("Brumfield"), Major Jerry Miller ("Miller"), Sergeant Gary King ("King"), Warden Jeffrey Travis ("Travis"), Dr. William Lo ("Lo"), and Social Workers Liz Olivera ("Olivera") and

Sherryl Muwwakki ("Muwwakki"), each in their official and individual capacities. The Court has since appointed counsel to represent Rebaldo in this action.[1]

The present action arises from the alleged custodial sexual assault by Jenkins upon the Plaintiff. The specific facts regarding the alleged incident are set forth in the record. (*See* R. Doc. 78.)

As to the issue before the Court, the Plaintiff filed his Complaint on August 12, 2008. Therefore, under the Federal Rules of Civil Procedure, service upon the Defendants was required to be completed by December 6, 2008. To date, Defendant Jenkins has not been served.

**II.    Analysis**

Under Fed. R. Civ. P. 4(m), service must be made within 120 days of the filing of the complaint. In this case, the initial Complaint was filed on August 12, 2008.[2] Therefore, service was required to be made by December 6, 2008. However, the Court, on several occasions, requested the Plaintiff to show cause as to why service was not made timely on Jenkins, and extended the deadline. To date, the record does not contain any indication that Jenkins has been served.

In addition, Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been

---

[1] Rec. Doc. No. 50.

[2] Rec. Doc. No. 1.

responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).

In this case, the Court has repeatedly issued orders requiring the Plaintiff to show cause why the claims against Albert Jenkins should not be dismissed for failure to serve within the time limits set forth in Federal Rule of Civil Procedure 4.[3] In the last Order to show cause, the Court addressed Plaintiff's assertion that he has been unable to obtain address information on Jenkins because the Defendants have failed to answer discovery requests. (R. Doc. 82, p. 1.) The Court noted that the Plaintiff has not filed any motions to compel and ordered the Plaintiff to file proof of service upon Albert Jenkins or to show cause by written memorandum or motion on or before November 16, 2010. (R. Doc. 82, p. 2.)

In the past, Plaintiff and/or his appointed counsel has responded to the Court's Orders to Show Cause.[4] However, to date, there is no proof of service upon Albert Jenkins in the record, nor is there any written memorandum by the Plaintiff providing cause for this failure in response to the Court's Order. In light of the Plaintiff's failure to serve Jenkins within the time period set forth in the several extensions generously granted by the Court, and his failure to respond to the Court's Rule to Show Cause, the Court finds that the Plaintiff has failed to comply with Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

---

[3] Rec. Doc. Nos. 22, 65, 76, 82.

[4] Rec. Doc. Nos. 23, 30, 66, 67, 69, 77.

**III.     Recommendation**

It is therefore **RECOMMENDED** that Richard Rebaldo's claims against Defendant, Cadet Albert Jenkins, be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996)[5].

New Orleans, Louisiana, this 23rd day of November, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen (14) days.