UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD J. REBALDO                         CIVIL ACTION

VERSUS                                     NUMBER: 08-4062

ALBERT JENKINS, ET AL                      SECTION: "G"
                                           MAG. 4

## ORDER AND REASONS

Before the Court is a Motion in Limine to Exclude Witnesses (Rec. Doc. No. 113). Defendants Gary King and Jerry Miller argue that the testimony of four witnesses should be excluded and the witnesses prohibited from testifying at trial. Defendants seek to exclude the testimony of Dr. Venugopal Vatsavayi, Psychiatrist; Kendell Gibson, Psychiatrist; Christine Brennan and Ron Landry because these witnesses were first identified in the parties' Joint Pretrial Order and were not identified in the witness list submitted on June 13, 2011 in accordance with this Court's Scheduling Order of December 17, 2010, (Rec. Doc. No. 88).

Having considered the motion and Plaintiff Rebaldo's opposition (Rec. Doc. 116), and in order to prevent any undue prejudice to any party, the Court will allow the witnesses to be added, extend the deadline for discovery to February 15, 2012, and continue the trial from February 6, 2012 to February 27, 2012 in order to alleviate any prejudice that could result from allowing the witnesses to testify.

## I. Background

The plaintiff, Richard J. Rebaldo, while an inmate sentenced to the custody of the Louisiana Department of Safety and Corrections and incarcerated at the Rayburn Correctional Center in Angie, Louisiana, filed a complaint *pro se* and in forma pauperis pursuant to 42 U.S.C. § 1983, and under

1

state law, against the Defendants, Cadet Albert Jenkins ("Jenkins"), Colonel Tommy Brumfield ("Brumfield"), Major Jerry Miller ("Miller"), Sergeant Gary King ("King), Warden Jeffrey Travis ("Travis"), Dr. William Lo ("Lo"), and Social Workers Liz Olivera ("Olivera") and Sherryl Muwwakki ("Muwwakki"), each in their official and individual capacities. The Court has since appointed counsel to represent Rebaldo in this action.[1]

The present action arises from the alleged custodial sexual assault by a prison guard named Jenkins upon the Plaintiff.[2] Two defendants remain in this lawsuit; movants, Jerry Miller (now Assistant Warden) and Sergeant Gary King.

Plaintiff claims that Miller and King failed to protect him from the assault by Jenkins (no longer a party to this suit) in violation of Plaintiff's Eighth Amendment rights under the United States Constitution. Plaintiff also has alleged that prison officials conspired to cover up the alleged rape and refused him adequate medical attention after the alleged rape.

This matter was previously assigned to Section "A," but was realloted to Section "G" of this Court on October 7, 2011. The witness lists were due and submitted in June 2011. In October 2011, Plaintiff was released from prison.

## **II. Law and Analysis**

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court has discretion to modify a scheduling order upon a showing of "good cause."[3] The district court has "broad

---

[1] Rec. Doc. No. 50.

[2] The specific facts regarding the alleged incident are set forth in the record. *See* Rec. Doc. No. 50.

[3] Fed. R. Civ. P. 16(b)(4).

2

discretion to preserve the integrity and purpose of the pretrial scheduling order"[4] and to grant leave to amend, as such a decision will be reviewed only for abuse of discretion.[5] Good cause is evaluated by four factors: "(1) the explanation for the failure to timely file; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6]

Further, "the Federal Rules of Civil Procedure commit to the court's discretion the decision of whether to exclude evidence because of a party's noncompliance with a pretrial scheduling order."[7] In making the determination of whether to exclude evidence because of noncompliance, the court looks to the same four factors used to evaluate good cause to modify the scheduling order.[8] Further, a continuance is the "preferred means of dealing with a party's attempt to designate a witness out of time . . . ."[9]

Plaintiff was unable to see his own physicians while incarcerated. Considering that he was not released until October 2011, it is only within the past few months that he was able to do so. Plaintiff's counsel states that these witnesses did not come to his attention until after Plaintiff was released from custody.

---

[4] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

[5] *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

[6] *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *Bradley v. United States*, 866 F.2d 120, 124 (5th Cir. 1989).

[7] *Gray v. Vastar Offshore, Inc.*, No. 04-1162, 2005 WL 399396 at *1 (E.D. La. Feb. 14, 2005) (Vance, C.J.).

[8] *See, e.g., Barrett*, 95 F.3d at 380; *Geiserman*, 893 F.2d at 791.

[9] *Bradley*, 866 F.2d 120 at 127 n. 11 (citations omitted).

### III. Conclusion

Considering that the Court has great discretion to modify the scheduling order to allow plaintiff to supplement its witness list and to extend the discovery cut-off to accommodate taking depositions of the supplemental witnesses, and given the very short delay, as well as the importance of the testimony and the minimal prejudice to Plaintiffs, the Court will allow Plaintiff to supplement his witness list with the four witnesses he has attempted to add after the original deadline. The Court finds that the importance of the information to be offered by the supplemental witnesses outweighs any prejudice in allowing them to testify. Further, any perceived prejudice to Defendants can be accommodated by extending the discovery deadline and providing a short continuance of the trial, which the Court will do. Accordingly, for the reasons set forth above:

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine to exclude plaintiff's newly added witnesses is **DENIED**.

**IT IS FURTHER ORDERED** that the discovery deadline is extended to February 15, 2012.

**IT IS FURTHER ORDERED** that the trial is continued to February 27, 2012 at 9:00 a.m.

New Orleans, Louisiana, this  1st  day of February, 2012.

NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE